MAUD A. ROBINSON, as Public Welfare Officer of the Town of Oyster Bay, Nassau County, N. Y., Plaintiff, *v.* MILTON W. CONNOR, Defendant.

Supreme Court, Trial Term, Nassau County, November 20, 1937.

*Charles I. Wood,* for the plaintiff.

*Mary B. Moloney,* special guardian, for the defendant.

CUFF, J. Defendant, an insane person confined in an insane asylum, who has assets, is sought to be held by the town welfare officer for moneys expended upon the insane person's mother, who applied for, was found eligible to receive, and actually did receive financial aid (relief) during her lifetime and was buried out of public funds. Defendant has had no committee appointed, but an attorney appears for him. There is no doubt that a son is responsible for the maintenance and burial of his mother under the circumstances presented here. But section 128 of the Public Welfare Law, which fixes that responsibility, concludes with this sentence: " Any public relief received by such person shall constitute an implied contract." An insane person cannot make a contract. An " implied contract," of course, is a contract. An insane person cannot, merely by his condition, avoid the statutory obligations imposed upon all persons if he has the means to provide support for those dependent upon him. The lack of capacity to consent is the main reason why an insane person cannot enter into a con-

tract. Under circumstances of this nature consent is not required. The law has dispensed with the necessity of giving consent and mandatorily fixes the responsibility upon all persons alike. The defendant herein is responsible and section 128 above has application in this case. There is no defense to this suit. Summary judgment is granted.